IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3057 |
| vs. | |
| ROBERT VINCENT HARRIS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant's sentencing statement (filing 78) objects to the presentence report and requests a departure or variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report's failure to provide a two-level reduction to the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Filing 78 at 1. The Court finds no merit to that objection.

Section 3E1.1(a) provides for a two-level reduction if the defendant clearly demonstrates acceptance of responsibility for his offense. *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021). The reduction's purpose is to distinguish a sincerely remorseful defendant from a defendant not manifesting penitence. *Id.*

A determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct. *United States v. Petruk*, 836 F.3d 974, 977 (8th Cir. 2016) (citing § 3E1.1, cmt. n.2). It is a rare situation where a defendant who contests his guilt at trial can

meet his burden to clearly demonstrate acceptance of responsibility. *Id*. But it's not impossible: "This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a . . . challenge to the applicability of a statute to his conduct)." *Id*. at 977-78 (quoting § 3E1.1 cmt. n.2).

Under those standards, the defendant *might* have accepted responsibility as to Count I. He admitted all the facts relating to Count I, and only contested the applicability of the statute to his circumstances based on a legal argument about the meaning of "distribute." Effectively, the parties stipulated to the sequence of events supporting Count I, and briefed a question of statutory interpretation. This case may well be distinguishable from other cases in which the defendant *claimed* to only be challenging the "applicability of a statute to his conduct," but was in fact contesting the sufficiency of the evidence to prove factual guilt. *See*, *e.g.*, *United States v. Wallenfang*, 568 F.3d 649, 661 (8th Cir. 2009); *United States v. Spurlock*, 495 F.3d 1011, 1014-16 (8th Cir. 2007); *United States v. Webber*, 39 F. App'x 469, 471 (8th Cir. 2002).

But that's as to Count I, and Count II is different. The defendant clearly disputed his factual guilt as to Count II, *see* filing 69 at 4-6, and while Count I is driving the guidelines calculation in this case, the counts are grouped for sentencing pursuant to U.S.S.G. §§ 3D1.1(a)(1) and 3D1.2. The defendant hasn't objected to grouping the counts, nor does the Court see any basis for an objection to grouping the counts—the guideline that sets the base offense level here, U.S.S.G. § 2D1.1, is expressly one of the guidelines to be grouped. *See* § 3D1.2.

And although the Eighth Circuit has acknowledged that the guidelines don't mandate an "all-or-nothing" approach to acceptance of responsibility, the Court of Appeals has plainly held that for the offense level to be reduced for acceptance of responsibility, the guidelines *do* require the defendant to accept responsibility as to all the counts in the sentencing group. *United States v. Wattree*, 431 F.3d 618, 622-23 (8th Cir. 2005); *see also Garcia v. United States*, 679 F.3d 1013, 1015 (8th Cir. 2012). Where a defendant pleads guilty to all counts that are grouped for sentencing, contesting guilt only on non-grouped offenses, the guidelines do permit a two-level acceptance-of-responsibility reduction, based on the totality of the circumstances. *Wattree*, 431 F.3d at 622-23. But even pleading guilty to one grouped offense wouldn't allow for acceptance of responsibility if the defendant contests factual guilt as to another grouped offense. See *Garcia*, 679 F.3d at 1015.

Here, the defendant didn't even plead guilty to anything. Even if he could be said to have accepted responsibility for Count I, the presence of a grouped offense for which he contested factual guilt precludes a reduction for acceptance of responsibility as to the group. *See Wattree*, 431 F.3d at 622-23.

That, of course, doesn't prevent the Court from considering the unusual circumstances of this case as relevant to departure or variance, along with the defendant's other circumstances and the circumstances of the offense. The Court will resolve questions of departure or variance at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of October, 2024.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge