IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 4:23-CR-3057 |
| vs. | | ORDER |
| ROBERT VINCENT HARRIS, | | |
| Defendant. | | |

The defendant has moved to stay service of his sentence of imprisonment pending appeal. Filing 100. That motion will be denied.

The defendant was previously permitted to self-surrender to the Bureau of Prisons for service of sentence, based on his exemplary performance during pretrial detention. But staying a sentence pending disposition of the appeal is a different matter.

Pursuant to 18 U.S.C. § 3143(b)(1), a person sentenced to a term of imprisonment who has appealed shall be detained, unless the Court finds (A) clear and convincing evidence that he isn't a flight risk or dangerous to others or to the community, <u>and</u>

> (B)   that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i)    reversal,
> (ii)   an order for a new trial,
> (iii)  a sentence that does not include a term of imprisonment, or
> (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Court agrees—and, indeed, has already found—that the defendant isn't likely to flee or pose a danger to others or the community. The Court finds, however, that the subsection (B) criteria aren't met.

The Court accepts that the defendant's appeal is taken in good faith. But for the reasons articulated in the Court's Findings of Fact and Conclusions of Law (filing 73), the Court is not persuaded that the same arguments when presented to the Court of Appeals are likely to result in reversal or an order for new trial.[1] Nor, even if the defendant's conviction on Count I was reversed, would the defendant's appeal be likely to result in a sentence that doesn't include imprisonment. *See* § 3143(b)(1)(B)(iii).

While the defendant requests resentencing on Count II, his appellate arguments don't challenge his substantive conviction on that count. And as the sentencing court, the Court can say with some confidence that a sentence on Count II not including imprisonment, or of time served, is highly unlikely—the defendant only has about 3 months of credit for time served. Filing 87 at 2. And the defendant's offense, even considering only Count II, would warrant a term of imprisonment likely to exceed the expected duration of the appeal process. *See* § 3143(b)(1)(B)(iv).

In sum, the Court sees little likelihood of a successful appeal, and even less likelihood that a successful appeal would result in a sentence reduction sufficient to satisfy § 3143(b)(1)(B). The defendant is going to spend some time in federal prison regardless of his appeal, and there is no reason he should not begin serving that time.

IT IS ORDERED that the defendant's motion to stay (filing 100) is denied.

Dated this 21st day of January, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The defendant has provided the Court and opposing counsel with a courtesy copy of his appellate brief, which has been submitted for review by the clerk of the Court of Appeals.